IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 11-62-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHRISTOPHER RYAN DURBIN, | ) | |
| AARON MICHAEL DURBIN, | ) | |
| TREY RYAN SCALES, and | ) | |
| JUSTIN LEE MADDOCK, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the Court are the government's motion for a continuance of the trial in this matter and three motions filed by Defendant Christopher Ryan Durbin. Durbin seeks an order *in limine* excluding any evidence that he was incarcerated in Oregon from approximately January 28, 2011, until December 29, 2011. Dkt # 51. He also asks the Court to exclude any evidence of his prior felony drug conviction for impeachment purposes. Dkt # 55. Lastly, he seeks to dismiss the four structuring counts charged in the original indictment in this case. Dkt # 57. As Durbin concedes, dkt # 95, 4, the latter motion is moot in light of the Superseding

Indictment. A hearing was held on March 14, 2012 regarding all the motions pending in this matter.

**A. Motion for a continuance**

The government has moved to continue the trial and associated deadlines. Durbin opposes the motion. The government argues an ends of justice continuance is appropriate 1) to provide the parties an opportunity to brief the issues raised by the government's addition of the charge of Conspiracy to Launder Monetary Instruments; 2) to provide additional time for the government to ensure it has fully complied with its Jencks Act and *Giglio* obligations; and 3) because "an essential witness for the prosecution" will not be available on the current trial date. The government states that 27 days of speedy trial time have elapsed and argues that the Defendant will therefore not be prejudiced by a continuance. The primary reasons the Defendant cites for opposing a continuance are that the government should not be rewarded for not being prepared and it is in his interests that the witness not be available.

A district court may grant a continuance when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, *inter alia*,

whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not unusually complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective preparation. *Id.* § 3161(7)(B). An "ends of justice continuance . . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

A continuance will serve the ends of justice in this case. Because new witnesses have only recently started cooperating with the government based on pleas, because an essential witness for the prosecution is unavailable and because the government believes there may be new Jencks Act and *Giglio* material it is obligated to provide Durbin a continuance is warranted. Moreover, a continuance of two weeks will not improperly prejudice the defendant or impact his right to due process. Indeed it will ensure he is provided with all material he is entitled to under the law.

Accordingly, a two-week continuance is granted to ensure that the trial proceeds fairly for both parties and operates within the parameters of the law. Because the Court has not yet determined whether to sever any of the counts in this matter, and given the government's recent 851 notice, the plea agreement deadline is also extended. Additionally, the government must file certification signed by counsel that it has complied with its obligations under *Giglio*, *Brady*, and the Jencks Act.

**B. Motion in limine regarding prison evidence**

Durbin argues that evidence he was in prison in Oregon throughout most of 2011 is inadmissible under Rule 404 of the Federal Rules of Evidence and that none of the exceptions to that rule apply here. Dkt # 52, 2–3. The government responds that it does not intend to introduce evidence of Durbin's incarceration to prove his guilt in this case. Dkt # 84, 4. However, the government plans to introduce phone conversations Durbin had with co-conspirators that were recorded with his knowledge while Durbin was in jail or prison. *Id.* Durbin contends the government should be required to edit the recordings so that the jury cannot readily infer he was incarcerated at the time. Dkt # 95, 2. He compares the evidence to being tried in shackles or a prison jumpsuit. *Id.* The comparison is ill taken. Shackles and clothes are conditions that can readily be remedied. Evidence

of admissions can not be sanitized without creating confusion or questions in the minds of jurors.

In open court, the government responded that it will be prejudiced if it is required to edit the information out of the recording and not lay a proper foundation. The government suggested jurors would be troubled by the lack of information about the phone calls' origins and might speculate that the government records phone conversations or at least tapped Durbin's phone.

The mere mention that Durbin was jailed when the call was made is not "evidence of other crimes, wrongs, or acts"; the jury will not know whether Durbin was incarcerated for a different crime or for these charges. The evidence is not being used to prove Durbin's character, and limiting instructions will ensure the jury properly considers all the information presented at trial. The government is entitled to lay foundation for its evidence. Accordingly, Defendant's motion to exclude this evidence under Rule 404(b) is denied.

**C. Motion in limine regarding Durbin's prior felony drug conviction**

Durbin argues the government should not be permitted to impeach his credibility with evidence of his 2008 conviction for unlawful delivery of marijuana in Oregon. The government disagrees.

Federal Rule of Evidence 609 provides that if a defendant testifies, evidence

of prior felony convictions is admissible for purposes of attacking his "character for truthfulness as a witness" if the prejudicial effect of the evidence is outweighed by its probative value. In the Ninth Circuit, courts consider the following balancing test: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of defendant's credibility. *United States v. Browne*, 829 F.2d 760 (9th Cir.1987).

The impeachment value of a prior crime increases the more the crime seems related to a witness-accused's veracity. *United States v. Hayes*, 553 F.2d 824 (2d Cir. 1977). Crimes that do not qualify under Rule 609(a)(2)'s narrower definition of dishonesty or false statement may still have impeachment value. *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995). The Ninth Circuit has held that drug offenses "are probative of veracity." *Id.* Accordingly, this factor weighs in favor of admissibility.

Rule 609 permits admissibility "even where the defendant has been released for up to ten years." *Browne*, 829 F.2d at 763. The more recent the prior conviction, the more probative it is. Here, Durbin was convicted of a felony in 2008 and is charged with additional felonies allegedly committed in 2009.

Accordingly, this factor weighs in favor of admitting the evidence.

As the government concedes, the similarity of Durbin's prior conviction to those here weighs against admissibility. *Browne*, 829 F.2d at 763. "Where, as here, the prior conviction is sufficiently similar to the crime charged, there is a substantial risk that all exculpatory evidence will be overwhelmed by a jury's fixation on the human tendency to draw a conclusion which is impermissible in law: because he did it before, he must have done it again." *United States v. Bagley*, 772 F.2d 482 (9th Cir. 1985). The government suggests that the Court can ameliorate the prejudice by permitting the government to introduce the fact of a felony conviction, but not its nature. Such a solution will prevent the jury from drawing improper conclusions.

Finally, if Durbin testifies, his testimony and his credibility will be central to the jury.

For all these reasons, evidence of Durbin's prior felony conviction for "the purpose of attacking [Durbin's] character for truthfulness" is admissible if he testifies. However, due to the similarity of the prior offense, the government will not be permitted to ask about the nature of the conviction.

Accordingly, IT IS HEREBY ORDERED:

1. The government's motion for a continuance (dkt # 93) is GRANTED.

The trial scheduled for March 19, 2012, is VACATED and reset for **April 2, 2012,** in the Russell Smith Courthouse in Missoula, Montana.

2. The plea agreement deadline is EXTENDED and reset for **March 27, 2012**.

3. All other associated deadlines are VACATED. Jury instructions and trial briefs are due on or before **March 29, 2012**. The Court's original scheduling order shall remain in full force and effect in all other respects.

4. The government shall file a brief regarding whether the Court should the count of aggravated structuring, the count of conspiracy to launder monetary instruments, or both counts from the trial of the other counts no later than **March 20, 2012**. Durbin shall file a response brief no later than **March 23, 2012**. Pending the submission of these briefs on severance, both motions in limine regarding medical marijuana evidence are under advisement.

5. The government shall file certification in writing that it has complied with its obligations under *Giglio*, *Brady*, and the Jencks Act no later than **March 20, 2012**.

6. Defendant's motion in limine under Rule 404 regarding evidence in the telephone conversation recordings that Durbin was incarcerated at the time (dkt # 51) is DENIED.

7. Defendant's motion in limine regarding evidence of his prior conviction (dkt # 55) is DENIED. The government may introduce evidence of a prior felony conviction if Durbin testifies in order to impeach his credibility under Rule 609. However, the United States is not permitted to introduce evidence of the nature of the conviction.

8. Defendant's motion to dismiss (dkt # 57) is DENIED as moot.

Dated this 15th day of March 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT