

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>CHRISTOPHER RYAN DURBIN,<br><br>Defendant/Movant. | Cause No. CR 11-062-M-DWM<br>CV 13-166-M-DWM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On August 13, 2013, Defendant/Movant Christopher Ryan Durbin filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Durbin is a federal prisoner proceeding pro se.

In reviewing Durbin's motion, the Court has consulted the reporter's rough transcript of the change of plea and sentencing hearings. The United States will be required to order the transcripts for the record and to deliver a copy of each to Durbin.

### I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing § 2255 Proceedings for the United States District Courts.

1

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On December 22, 2011, Durbin was charged with three co-defendants in an indictment alleging conspiracy to manufacture and distribute more than 100 marijuana plants, a violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); possession of more than 100 marijuana plants with intent to distribute, a violation of 21 U.S.C. § 841(a)(1) (Count 2); four counts of structuring currency transactions to avoid reporting requirements, violations of 31 U.S.C. § 5324(a)(1) (Counts 3-6); and a forfeiture count. Because Count 1 alleged the conspiracy involved more than 100 marijuana plants, Durbin faced a mandatory minimum penalty of 5 years if convicted of Count 1. 21 U.S.C. § 841(b)(1)(B)(vii). Attorney Peter Lacny was appointed to represent Durbin. Order (Doc. 22).

On March 7, 2012, Durbin was charged in a Superseding Indictment with conspiracy to manufacture and distribute more than 1,000 marijuana plants, a violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); possession of more than 1000 marijuana plants with intent to distribute, a violation of 21 U.S.C. § 841(a)(1) (Count 2); one count of structuring currency transactions to avoid reporting requirements, a violation of 31 U.S.C. § 5324(a)(1) (Count 3); conspiracy to launder money, a violation of 18 U.S.C. §§ 1956 and 1957 (Count 4); and a forfeiture count. Superseding Indictment (Doc. 78) at 1-11. Because Count 1 of the Superseding Indictment alleged the conspiracy involved more than 1,000 marijuana plants, Durbin faced a mandatory minimum penalty of 5 years if convicted of Count 1Conviction on Count 1 carried a ten-year mandatory minimum penalty. 21 U.S.C. § 841(b)(1)(A)(vii).

On March 14, 2012, the United States filed an Information alleging Durbin had previously been convicted of a felony drug offense. Information (Doc. 97). Filing of the Information subjected Durbin to an enhanced mandatory minimum penalty of 20 years if convicted on Count 1. 21 U.S.C. § 841(b)(1)(A)(vii).

On March 23, 2012, the United States withdrew the § 851 Information, Notice (Doc. 112), and the parties filed a fully executed Plea Agreement. Durbin agreed to plead guilty to Counts 1 and 3 of the Indictment and waived his right to

appeal the sentence.[1] Plea Agreement (Doc. 109) at 2-3 ¶ 2, 9 ¶ 8. The United States agreed to dismiss Counts 2 and 4-6 of the original Indictment and the entire Superseding Indictment and to recommend the additional point under U.S.S.G. § 3E1.1(b) as well as a sentence of no more than 97 months. *Id.* at 3 ¶ 3, 7-8 ¶ 6. Durbin pled guilty in open court on March 26, 2012. Minutes (Doc. 114).

A presentence report was prepared. On July 12, 2012, a sentencing hearing was held. Durbin was sentenced to serve 84 months in prison on each count, concurrently, to be followed by a total term of five years' supervised release. Minutes (Doc. 174); Judgment (Doc. 177) at 2-3.

Durbin signed his § 2255 motion on August 5, 2013. Mot. § 2255 (Doc. 194) at 7; Mot. for Leave to File Late (Doc. 194-1) at 2. Assuming, solely for the sake of argument, that that is when he put his motion in the prison mailing system for delivery to the Clerk of Court, his § 2255 motion was filed on August 5, 2013, *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and is ten days late, 28 U.S.C. § 2255(f)(1); *Gonzalez v. Thaler*, U.S. __, 132 S. Ct. 641, 653-54 (2012); Fed. R. App. P. 4(b)(1)(A)(i).

---

[1] Durbin also waived his right to collaterally attack the sentence, but the claims in the § 2255 motion "aris[e] from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleg[e] that he received ineffective assistance of counsel" and so are not waived. Plea Agreement at 9 ¶ 8 para. 2.

4

### III. Claims and Analysis

Although Durbin's motion is untimely by 10 days, his attached motion for leave to file late alleges sufficient facts to show a prima facie case for equitable tolling of the limitations period. Mot. (Doc. 194-1) at 2 ¶6; *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005). No final decision is made on the timeliness issue, but Durbin's claims will be addressed here on the merits, notwithstanding the potential time bar.

Durbin alleges that counsel was ineffective in several respects. *Strickland v. Washington,* 466 U.S. 668 (1984), governs such claims. First, Durbin must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. Second, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

#### A. Decision to Plead Guilty

Durbin alleges that his attorney misled him to believe that his guilty plea meant he would be sentenced based solely on a base offense level of 26 on Count 1

and a base offense level of 16 on Count 3, subject only to a 3-level downward adjustment for acceptance of responsibility. A "gross mischaracterization of the likely outcome" at sentencing, "combined with . . . erroneous advice on the possible effects of going to trial," may support a finding that counsel's ineffective assistance rendered a defendant's guilty plea involuntary. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).

But Durbin's claim is inconsistent with the clear and unambiguous statement in the Plea Agreement that the United States would agree "to recommend a sentence of no higher than 97 months incarceration." Plea Agreement at 8 ¶ 6 para. 2. More importantly, it is inconsistent with Durbin's own statements at the change of plea hearing. As he himself described it, the probation office compiles a report recommending a sentence, and the Court weighs all the factors and determines the sentence. Finally, Durbin's claim is inconsistent with the explanation of the advisory guideline calculation given at the change of plea hearing, as well as his own statement that he understood the sentence imposed could be below or above the advisory guideline calculation.

Durbin may have *thought* he would not receive any enhancements, but he was clearly aware he might. He was clearly aware the maximum sentence that could be imposed was 40 years. Moreover, he does not even allege that he would

have gone to trial had he believed he might be subject to enhancements in the advisory guideline calculation.

Durbin's allegations do not support an inference either that counsel performed deficiently or that Durbin was prejudiced as a result. This claim, Mot. § 2255 at 1 ¶¶ 2-4, is denied.

**B. Upward Adjustments**

Durbin also objects to the 2-level upward adjustment applied at sentencing for maintaining a premises for the purpose of distributing marijuana and a 4-level upward adjustment for his role in the offense as a leader or organizer. *See* Presentence Report ¶¶ 46, 48.

Counsel challenged these adjustments. Sentencing Mem. (Doc. 166) at 3-5. His arguments were not persuasive. Durbin claims counsel "grossly mishandled" his objections because the information underlying the enhancements was provided by people who made statements that were contradicted by other people. That is not uncommon. Both Durbin and the United States referred to testimony given at other defendants' sentencing hearings, some favorable to Durbin and some not. There was ample evidence that Durbin was essentially the brains and the money behind the operation, and that his financing role involved acquisition of premises. Again, the facts Durbin now alleges do not support an inference either that counsel

performed deficiently or that Durbin was prejudiced as a result.

Durbin also objects[2] to a 2-level upward adjustment imposed because he knew the currency transactions he was structuring were based on illegal proceeds. *See* Presentence Report ¶ 51. Durbin states that he could not have believed the proceeds were illegal, because he was distributing medical marijuana legal under state law. But he was not complying with state law; state law never authorized anyone to possess anywhere near 100 plants. *See* Mont. Code Ann. § 50-46-201(2) (2009). And even if it had, Durbin would still have been violating federal law. This argument was and is frivolous. Counsel wisely chose not to make it.

Durbin's claims against the upward adjustments in his advisory guideline calculation, Mot. § 2255 at 2 ¶ 5 "Note," 2 ¶¶ 7-8, are denied.

### C. *Alleyne* and *Apprendi*

Finally, Durbin contends that the Supreme Court's recent decisions in *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), provides him a right to relief. It does not. The only factors giving rise to a statutory mandatory minimum in Durbin's case was the quantity of marijuana involved. Durbin admitted at the change of plea hearing that he was responsible for more than 100 marijuana plants,

---

[2] Durbin received a 2-level enhancement because his currency transactions were part of a pattern, *see* Presentence Report ¶ 53, but he does not make any particular objection to this enhancement.

8

which satisfies *Alleyne*, 133 S. Ct. at 2155, and *Apprendi v. New Jersey*, 530 U.S. 466, 483 n.10 (2000).

Further, the enhancements applied in Durbin's advisory guideline calculation are not affected by *Alleyne*. The Court explained that its holding "does not mean that any fact which influences judicial discretion must be found by a jury." 133 S. Ct. at 2163. The advisory guidelines are "advisory" because they influence – but do not cabin or control – judicial discretion. *See Booker v. United States*, 543 U.S. 220, 226 (2005) (invalidating two statutory provisions making sentencing guidelines mandatory). *Alleyne*, therefore, does not mean that factors elevating the advisory guideline calculation must be proved to a jury beyond a reasonable doubt or admitted in a plea colloquy.

Durbin's *Alleyne* and *Apprendi* claims, Mot. § 2255 at 4-6, are denied.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

9

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Durbin's allegations meets the standard. The change of plea colloquy established beyond doubt that Durbin knew he was not guaranteed any particular sentence. Even if he expected he would not receive any enhancements to his base offense levels, he clearly knew of the possibility, and he does not even allege he would have gone to trial rather than pleading guilty if he had known his advisory guideline calculation would not be limited to the base offense levels of Counts 1 and 3. His attorney challenged the upward adjustments in the advisory guideline calculation, and Durbin points to nothing that would have altered the result. *Alleyne* has no application in this case because Durbin's mandatory minimum sentence was based solely on drug quantity, which was duly charged in the Indictment and admitted at the change of plea hearing pursuant to *Apprendi*.

Reasonable jurists would find no reason to encourage further proceedings. A COA is denied.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the following transcripts are required to decide the issues presented by Durbin:

10

(a) the change of plea hearing, held March 26, 2012; and

(b) the sentencing hearing, held July 12, 2012.

2. The United States shall immediately order the transcripts of those hearings for the Court's file, along with one copy of each to be delivered to Christopher Ryan Durbin # 11561-046, FCI Fairton, Federal Correctional Institution, P.O. Box 420, Fairton, NJ 08320. Transcripts must be prepared and mailed to Durbin within 30 days of the date of this Order.

3. Durbin's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 59) is DENIED;

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Durbin files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 13-166-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Durbin.

DATED this 14th day of January, 2014.

Donald W. Molloy
United States District Court